UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEARY C. SIMS, Sr. and CLARK BAILEY,
for themselves and others similarly-situated, and
UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE
WORKERS INTERNATIONAL UNION,
AFL-CIO-CLC,

       Case No. _____
   Plaintiffs,       Class Action

v.

       U.S. District Judge _____

PFIZER, INC. and
WARNER-LAMBERT COMPANY, LLC

   Defendants.
_____/

**COMPLAINT AND JURY DEMAND**

Plaintiffs Keary C. Sims, Sr., Clark Bailey, and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC ("USW") complain against defendants Pfizer, Inc. and Warner-Lambert Company, LLC.

1.    Plaintiffs bring this action to protect and enforce rights to healthcare benefits for the individual plaintiffs and for others similarly-situated and their spouses and other eligible family members.  The members of the proposed class include retirees and former employees of Warner-Lambert Company and Parke-Davis and Company who worked at industrial facilities in Detroit and Rochester, Michigan, where the retirees and former employees were members of a union-represented collective bargaining unit.  The class which the individual plaintiffs seek to represent consists of similarly-situated retirees and former employees and their spouses and other eligible family members.  The retirees and former employees earned healthcare benefits for themselves

and their spouses and other eligible family members by working for periods of years at the Detroit and Rochester, Michigan facilities.  The healthcare benefits were promised in a collective bargaining agreement binding defendants.  The proposed class includes participants in and beneficiaries of welfare benefit plans created, sponsored, and operated by defendants pursuant to obligations under the collective bargaining agreement.  Members of the proposed class have been injured and have been, are being, and will be deprived of promised healthcare benefits as a result of defendants' actions, including defendants' unilateral discontinuation or diminution of promised collectively-bargained healthcare benefits.

2. This action is brought by the individual plaintiffs for themselves and as class representatives pursuant to Federal Rule of Civil Procedure 23(a) and (b)(1)(A) and (B) and (b)(2) and by the union as collective bargaining representative and as a party to the governing collective bargaining agreement.

**Jurisdiction and Venue**

3. This Court has jurisdiction under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185; under 29 U.S.C. §§1331 and 1337; and under Sections 502(a)(1)(B), (a)(3), (e), and (f) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132(a)(1)(B), (a)(3), (e), and (f).

4. Venue is proper in this district under LMRA Section 301(a), 29 U.S.C. §185(a), and under ERISA Sections 502(e)(2) and (f), 29 U.S.C. §§1132(e)(2) and (f).

**Parties**

5. Plaintiff and class representative Keary C. Sims, Sr. resides at 3091 Gale Ct., Comins, Michigan. He was employed at the Warner-Lambert facilities in Detroit and Rochester, Michigan, was a member of a union-represented collective bargaining unit there, was represented by Local 7-176, and is now a participant in a welfare benefit plan or plans created, sponsored, and operated by defendants to provide healthcare benefits to retirees and former employees and their spouses and other eligible family members.

6. Plaintiff and class representative Clark Bailey resides at 25800 Cambridge Ct., Roseville, Michigan. He was employed at the Warner-Lambert facilities in Detroit and Rochester, Michigan, was a member of a union-represented collective bargaining unit there, was represented by Local 7-176, and is now a participant in a welfare benefit plan or plans created, sponsored, and operated by defendants to provide healthcare benefits to retirees and former employees and their spouses and other eligible family members.

7. Plaintiff USW is a labor organization representing workers in industries affecting commerce within the meaning of 29 U.S.C. §§142, 152, and 185, regularly does business in the Eastern District of Michigan, and has a district office in Taylor, Michigan, within the Eastern District of Michigan. USW is the successor to the Oil, Chemical and Atomic Workers International Union, AFL-CIO ("OCAW") and Local 7-176 which represented the bargaining unit at the Warner-Lambert facilities in Rochester, Michigan and which were parties to the collective bargaining agreement promising certain retirees and former employees and their spouses and other eligible family members healthcare benefits, attached as Exhibit A.

8. Defendant Pfizer is an employer and a corporation doing business and with business locations in Michigan and other states and countries.

9. Defendant Warner-Lambert Company is an employer and a corporation doing business in Michigan and other states and countries.

10. Defendant Warner-Lambert Company merged with Parke-Davis and Company and owned and operated the Detroit and Rochester, Michigan facilities where the individual plaintiffs and other members of the proposed class worked and were members of a union-represented collective bargaining unit.

11. Defendant Warner-Lambert Company was a party to the May 1, 1995-April 30, 1998 labor agreement between Parke-Davis Division of Warner-Lambert Company, OCAW, and Local 7-176 governing the Rochester, Michigan facilities where the individual plaintiffs and other members of the proposed class worked and were members of a union-represented collective bargaining unit.

12. On or about February 20, 1998, in anticipation of the sale of the Rochester, Michigan facilities, defendant Warner-Lambert Company, OCAW, and Local 7-176 entered into the collective bargaining agreement, titled "Settlement Agreement," attached as Exhibit A.

13. Defendant Warner-Lambert sold the Rochester, Michigan facilities on or about February 27, 1998.

14. On or about 2000, Pfizer and Warner-Lambert Company merged.

15. Defendant Pfizer provides retiree healthcare benefits to the individual plaintiffs and certain of their eligible family members, and to others who are retirees and former employees of Warner-Lambert Company and Parke Davis and Company and certain of their family members. The individual plaintiffs and other retirees and former employees similarly-situated are referred to by defendant Pfizer as retirees and former employees of Pfizer "legacy" companies.

16. Defendants are obligated by the collective bargaining agreement to provide healthcare to certain retired and former employees, who, while employed, were members of the union-represented collective bargaining unit at the Detroit and Rochester, Michigan facilities, and to spouses and other eligible family members of those retirees and former employees, including to the individual plaintiffs and others similarly-situated and their spouses and other eligible family members.

**Summary of Facts**

17. USW is the successor to OCAW and Local 7-176, which were the collective bargaining representatives of the individual plaintiffs and other employees in the collective bargaining unit at facilities owned and operated by defendant Warner-Lambert Company and Parke-Davis and Company in Detroit and Rochester, Michigan. OCAW and Local 7-176 and Warner-Lambert Company were parties to the February 20, 1998 collective bargaining agreement attached as Exhibit A. The collective bargaining agreement includes, among other things, promises of healthcare benefits for certain union-represented employees and retirees and former employees and their spouses and other family members, including the individual plaintiffs and others similarly-situated and their spouses and other eligible family members.

18. In particular, the collective bargaining agreement promises that each employee whose age and years of credited service totaled at least 65 at the time of the 1998 sale (satisfying "Rule of 65" criteria) will receive "health insurance benefits at levels which are substantially similar and substantially equivalent to the current levels of benefits." The agreement promises that these employees will receive these healthcare benefits when each employee attains age 57 or loses "health benefit coverage as an employee," and promises that "such coverage shall be made available for the lifetime of the retiree as long as the Company provides health insurance benefits

5

to any retirees in the United States," and promises that, at the retiree's option and expense, "the retiree's spouse and dependants" will receive the same coverage. The agreement also promises that certain other retirees shall receive continued healthcare benefits "for the lifetime of the retiree as long as the Company provides health insurance benefits to any retirees in the United States." (Exhibit A, paragraphs 1 and 3).

19. On or about August 2009, defendant Pfizer announced "a change to healthcare benefits" for retirees and former employees and their spouses and other eligible family members "who are currently enrolled in or are eligible for and have deferred retiree health care coverage under their legacy company," including "retirees of Local 7-176," to be effective January 1, 2010. Pfizer, Inc. implemented these changes on January 1, 2010.

20. These changes diminish or eliminate healthcare benefits in violation of the collectively-bargained promise to "maintain health insurance benefits" and to provide "health insurance benefits at levels which are substantially similar and substantially equivalent to the current levels of benefits" in force at the time of the 1998 collective bargaining agreement.

21. In addition, contrary to the collective bargaining agreement, on or about August 2009, Pfizer asserted that it has the unilateral "right to amend, modify, suspend or terminate" promised healthcare "at any time for any reason."

22. Defendants are jointly and severally responsible for obligations arising under the collective bargaining agreement and the related welfare benefit plan or plans to provide union-represented retirees and former employees, including the individual plaintiffs and others similarly-situated and their spouses and other eligible family members, with healthcare benefits in accord with the terms of the collective bargaining agreement, and defendants have breached and failed to satisfy those obligations.

**Class Action**

23. Individual plaintiffs Sims and Bailey bring this action on behalf of themselves, and on behalf of others similarly-situated, under Federal Rules of Civil Procedure 23(a) and (b)(1)(A) and (B) and (b)(2).

24. The individual plaintiffs seek to represent a class of all persons who are entitled to healthcare benefits promised by defendants in the collective bargaining agreement and those who are or are entitled to be participants in or beneficiaries of the welfare benefit plan or plans arising under the collective bargaining agreement, including the plan or plans created, sponsored and/or administered by or on behalf of defendants to provide healthcare benefits to retirees and former employees and their spouses and other eligible family members.

25. The exact number of the members of the proposed class is not presently known but, on information and belief, totals approximately 250 or more persons, and is so numerous that joinder of all members is impracticable.

26. There are questions of law and fact common to the class, including legal and factual questions regarding healthcare benefits addressed in the governing collective bargaining agreement and welfare benefit plan or plans and the propriety under LMRA and ERISA of defendants' discontinuation or alteration, and threatened discontinuation or alteration, of healthcare benefits arising under the agreement and the plan or plans.

27. The individual plaintiffs' claims are typical of the claims of the proposed class as these claims arise under the collective bargaining agreement and the welfare benefit plan or plans covering union-represented employees who worked at the Detroit and Rochester, Michigan facilities, and covering the retirees' and former employees' spouses and other eligible family

members, and relate to conduct by defendants that adversely affected and that will adversely affect class members' healthcare benefits in the future.

28. The individual plaintiffs will fairly and adequately represent the interests of the proposed class because they have the same or similar claims and interests arising out of the same or similar operative facts and the same law and contract obligations and benefit plan obligations, and because they have secured the representation of attorneys knowledgeable and experienced in labor law, ERISA, and litigation of this kind, and because they have joined with and secured the support of USW in their efforts to enforce their rights and the rights of members of the proposed class to healthcare benefits.

29. The actions of defendants addressed in this lawsuit apply generally to the proposed class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the proposed class as a whole and so that a class action is appropriate to avoid the risks of inconsistent or varying adjudications of individual claims and individual adjudications that as a practical matter would be dispositive of the interests of those within the proposed class.

## COUNT I - BREACH OF LABOR CONTRACTS

30. Paragraphs 1-29 are incorporated in this count.

31. Defendants are obligated under the collective bargaining agreement attached as Exhibit A to provide the individual plaintiffs and others similarly-situated, and their spouses and other eligible family members, with healthcare benefits, as promised in the collective bargaining agreement.

32. Defendants have unilaterally changed, and have unilaterally failed and refused to provide the individual plaintiffs and others similarly-situated, and their spouses and other eligible family members, with healthcare benefits promised and required by the collective bargaining agreement.

33. The unilateral changes in healthcare benefits were made by defendants and imposed on the individual plaintiffs and on others similarly-situated, and on their spouses and other eligible dependents, in violation and breach of defendants' obligations under the collective bargaining agreement.

34. The unilateral changes, and any further unilateral changes diminishing or eliminating promised healthcare benefits, have caused the individual plaintiffs and others similarly-situated, and their spouses and other eligible family members, and will cause the individual plaintiffs and others similarly-situated, and their spouses and other eligible family members, to incur personal expense for healthcare and to incur other expenses and damages.

35. When the unions and defendant Warner-Lambert Company negotiated the collective bargaining agreement promising healthcare for retirees and former employees, and for their spouses and other eligible family members, the unions and Warner-Lambert Company intended to provide employees and retirees and former employees, and their spouses and other eligible family members, with security, stability, certainty, peace of mind, and other benefits of obvious mental concern and solicitude and they intended that such individuals rely on Warner-Lambert Company's promises of healthcare benefits.

36. Defendants have breached their collectively-bargained obligations to plaintiffs and class members and in doing so have caused plaintiffs and class members injury and damage and continue to cause plaintiffs and class members injury and damage in breach of the governing collective bargaining agreement.

## COUNT II - VIOLATION OF ERISA

37. Paragraphs 1-36 are incorporated in this count.

38. The collectively-bargained healthcare benefits promised and provided by defendants to union-represented retirees and former employees, including to the individual plaintiffs and others similarly-situated, and to their spouses and other eligible family members, constitute one or more "employee welfare benefit plan" or plans within the meaning of ERISA, 29 U.S.C. §1002(1).

39. Each defendant is or was, at all relevant times, the "sponsor" and/or the "administrator" of the "employee welfare benefit plan" or plans within the meaning of ERISA, 29 U.S.C. §§1002(16)(A) and (B).

40. The individual plaintiffs and persons similarly-situated, and their eligible spouses and other eligible family members, are or are entitled to be "participants" in or "beneficiaries" of the "employee welfare benefit plan" or plans within the meaning of ERISA, 29 U.S.C. §§1002(7) and (8).

41. The collectively-bargained "employee welfare benefit plan" or plans created, sponsored, and administered by defendants promise and provide healthcare benefits for union-represented retirees and former employees, including the individual plaintiffs and others similarly-situated, and their spouses and other eligible family members.

42. Defendants' unilateral actions discontinuing and diminishing collectively-bargained healthcare benefits, and defendants' failure and refusal to provide collectively-bargained healthcare benefits according to the welfare benefit plan or plans, violate the terms of the plan or plans and breach defendants' obligations to fully comply with the plan or plans.

43. Defendants' unilateral actions discontinuing and diminishing plan benefits, and expressing the intention to discontinue, diminish, or otherwise alter plan benefits in the future, are wrongful and actionable under ERISA, 29 U.S.C. §§1132(a)(1)(B) and (3), which entitles a participant or a beneficiary to bring a civil action "to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" and "to enjoin any act or practice which violates…the terms of the plan or…to obtain other appropriate equitable relief…to redress such violations or…to enforce…the terms of the plan."

44. Defendants have breached their obligations under ERISA and the governing plan or plans and in doing so have caused injury and damage to the individual plaintiffs and others similarly-situated, and to their spouses and other eligible family members, and continue to do so.

**Relief Requested**

WHEREFORE, plaintiffs ask that the Court:

1. Certify this action as a class action, appoint plaintiffs Sims and Bailey as class representatives, and appoint plaintiffs' counsel to serve as class counsel;

2. Declare and determine that defendants violated the collective bargaining agreement and welfare benefit plan or plans and are jointly and severally liable to cease those violations and to rectify those violations by paying damages and by otherwise making plaintiffs and those similarly-situated whole;

3. Award damages to plaintiffs and those similarly-situated;

4. Issue preliminary and permanent injunctions directing defendants to satisfy their contractual and statutory duties and responsibilities under the collective bargaining agreement and welfare benefit plan or plans and to reinstate and maintain promised and vested healthcare for the members of the class;

5.  Direct defendants to pay interest on damages, to pay plaintiffs' costs and expenses and attorney fees, and to pay such other compensatory, punitive and exemplary damages as may be warranted; and

6.  Award such other relief as may be necessary to make plaintiffs and those similarly-situated whole and such other relief as may be warranted by law and equity.

> s/Stuart M. Israel
> Stuart M. Israel (P15359)
> Martens, Ice, Klass, Legghio & Israel, P.C.
> 306 South Washington, Suite 600
> Royal Oak, Michigan 48067
> (248) 398-5900
> israel@martensice.com
>
> Robert D. Clark, Assistant General Counsel
> United Steel, Paper and Forestry, Rubber,
>   Manufacturing, Energy, Allied Industrial
>   and Service Workers International Union,
>   AFL-CIO-CLC
> Five Gateway Center
> Pittsburgh, PA  15222
> (412) 562-2526
> rclark@usw.org
>
> Attorneys for Plaintiffs

Dated:  February 23, 2010

**JURY DEMAND**

Plaintiffs request a jury trial of all issues triable by jury.

                                                s/Stuart M. Israel
                                                Stuart M. Israel (P15359)
                                                Martens, Ice, Klass, Legghio & Israel, P.C.
                                                306 South Washington, Suite 600
                                                Royal Oak, Michigan 48067
                                                (248) 398-5900
                                                israel@martensice.com

                                                Robert D. Clark, Assistant General Counsel
                                                United Steel, Paper and Forestry, Rubber,
                                                   Manufacturing, Energy, Allied Industrial
                                                   and Service Workers International Union,
                                                    AFL-CIO-CLC
                                                Five Gateway Center
                                                Pittsburgh, PA  15222
                                                (412) 562-2526
                                                rclark@usw.org

                                                Attorneys for Plaintiffs

Dated:  February 23, 2010