UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEARY C. SIMS, Sr. and CLARK BAILEY,
for themselves and others similarly-situated, and
UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE
WORKERS INTERNATIONAL UNION,
AFL-CIO-CLC,

        Plaintiffs,                    Case No. 10-cv-10743

v.                                      Honorable Thomas L. Ludington

PFIZER, INC. and
WARNER-LAMBERT COMPANY, LLC,

        Defendants.
_____/

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, PRELIMINARILY APPROVING CLASS SETTLEMENT, DIRECTING DISTRIBUTION OF CLASS NOTICE, SCHEDULING APPROVAL HEARING, AND DIRECTING SUBMISSION OF OBJECTIONS**

This case is a putative class action brought by Plaintiffs Keary Sims, Sr., Clark Baily, and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC ("USW") on behalf of themselves and similarly-situated individuals and their spouses and other eligible family members against Defendants Pfizer, Inc., and Warner-Lambert Company, LLC. Plaintiffs claim that Defendants breached a collective bargaining agreement between the parties and violated the Employment Retirement Income Security Act. These allegations stem from a decision by Defendants in 2010 to alter its retiree health benefit plan. Plaintiffs allege that the plan instituted in 2010 violated a 1998 collective bargaining agreement between the parties that ensured that retirees would

"receive health insurance benefits at levels which are substantially similar and substantially equivalent to the current levels of benefits." *See* 1998 CBA ¶ 3, Settlement Agreement, Ex. E, Pls.' Mot. Preliminary Approval, Ex. 1, ECF No. 51-9.

The matter has settled. After pending for nearly six year, the parties have moved for preliminary approval of the class settlement agreement and approval of the class notice. *See* Pls.' Mot., ECF No. 51.[1] The parties have agreed to restore certain health benefits as they existed prior to 2010 or substantially duplicate them. The settlement agreement also contains payment provisions which include a $750,000 payment to the proposed class members and a $549,161.37 payment to Plaintiffs' counsel, putative class counsel.

The next step in moving this matter towards a resolution following settlement is preliminarily approving the parties' settlement agreement. There is a strong "federal policy favoring settlement of class actions." *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 632 (6th Cir. 2007). Thus, a settlement agreement should be preliminarily approved provided it "is not the product of fraud or overreaching by, or collusion between, the negotiating parties and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Clark Equip. Co. v. Int'l Union, Allied Indus. Workers of Am., AFL-CIO*, 803 F.2d 878, 880 (6th Cir. 1986) (quoting *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) (internal quotation marks omitted)). The preliminary approval inquiry is not an onerous one and can often "be made on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by parties." Manual for Complex Litigation (4th) § 21.632. *See also In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 337 (N.D. Ohio 2001).

---

[1] The motion for preliminary approval was filed by Plaintiffs but is unopposed.

The motion for preliminary approval submitted by the parties is thorough and reflects a comprehensive and diligent process by which resolution was reached. Similarly, the settlement agreement adequately resolves the dispute between the parties in a manner that is fair to those involved. Putative class members will see a restoration of health insurance benefits to levels previously enjoyed under the earlier plan. They will also receive a monetary disbursement to offset costs expended in excess of what they would have been responsible for under the old plan. Finally, both parties were represented by sophisticated and experienced counsel, a fact which favors approval of the settlement. *See In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1016 (S.D. Ohio 2001) ("The Court should always give significant weight to the belief of experienced Counsel that the settlement is in the best interest of the class."). The settlement agreement will be preliminarily approved pending a final approval hearing.

Following preliminary approval, putative class members must be notified of the settlement. See Fed. R. Civ. P. 23(e)(1). "The court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Id. "[N]otice must . . . fairly apprise . . . prospective members of the class of the terms of the proposed settlement so that class members may come to their own conclusions about whether the settlement serves their interests." *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 423 (6th Cir. 2012) (quoting *UAW v. Gen. Motors Corp.*, 497 F.3d at 630 (internal quotation marks omitted)). To meet this standard, a class notice should "inform[] the class members of the nature of the pending action, the general terms of the settlement, that complete and detailed information is available from the court files, and that any class member may appear and be heard at the hearing." Newberg on Class Actions § 8:17 (5th ed.). That standard is not binding but fairly approximates the due process requirements

associated with class notice. The proposed notice satisfies due process. Distribution will be directed.

Finally, a deadline for objections and a hearing date must be scheduled. All proposed class members have a right to object to the proposed settlement. *See* Fed. R. Civ. P. 23(e)(5). If a proposed class member files an objection he or she may be heard, individually or through counsel, at the approval hearing. The parties have represented that Defendants will mail class notices within thirty days of this order being entered. They have also represented that Defendants will notify federal and state authorities consistent with 28 U.S.C. § 1711*ff*. To facilitate notice and permit time for objections to be received and considered, the parties propose scheduling an approval hearing for at least 100 days after the filing of the motion for preliminary approval. The request is reasonable and a hearing will be so scheduled. The parties also recommend that class members be required to object at least 45 days prior to the hearing. That time will be contracted to 30 days so that proposed class members may fully evaluate their options and, if they see fit, retain counsel in advance of the hearing.

Accordingly, it is **ORDERED** that Plaintiffs' motion for preliminary approval, ECF No. 51, is **GRANTED**.

It is further **ORDERED** that the parties proposed class settlement agreement is **PRELIMINARILY APPROVED**.

It is further **ORDERED** that Defendant Pfizer is **DIRECTED** to distribute the proposed Rule 23(c)(2)(A) notice to class members within 30 days of this Order being entered.

It is further **ORDERED** that a class settlement approval hearing is **SCHEDULED** for **February 22, 2016 at 2:00 p.m.**

It is further **ORDERED** that proposed class members are **DIRECTED** to submit any objections to the class settlement to the Court, in accordance with the procedures set forth in the class notice, **on or before January 22, 2015**.

Dated: November 13, 2015        s/Thomas L. Ludington
                                THOMAS L. LUDINGTON
                                United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 13, 2015.

                    s/Michael A. Sian
                    MICHAEL A. SIAN, Case Manager